UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>RONALD J. HEDGES<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING, JR.<br>FEDERAL BUILDING AND COURTHOUSE<br>50 WALNUT STREET<br>NEWARK, NJ 07101<br>973-645-3827 |

November 1, 2006

<u>LETTER-OPINION AND ORDER</u>
<u>ORIGINAL FILED WITH CLERK OF THE COURT</u>

Marc J. Gross, Esq.
Greenbaum, Rowe, Smith & Davis, LLP
75 Livingston Avenue
Roseland, NJ 07068

Robert J. Barsch, Esq.
60 East 42nd Street, Suite 2501
New York, NY 10001

      Re:    <u>B.A.T. Wear, Inc. and Phoenix Wholesale, Inc., v</u>
              <u>Resourcing America, Inc. and 1st Constitution Bank</u>
              <u>Civil Action No. 04-2612 (WJM)</u>

Dear Counsel:

## INTRODUCTION

This matter comes before me on the motion of plaintiffs for leave to file a Third Amended Complaint pursuant to Rule 15(a). I have considered the papers submitted in support of and in opposition to the motion. There was no oral argument. Rule 78.

BACKGROUND

This motion stems from plaintiffs B.A.T. Wear, Inc. ("B.A.T.") and Phoenix Wholesale, Inc. ("Phoenix") breach of contract claims against defendants Resourcing America, Inc. and 1st Constitution Bank involving the sale of certain goods (the "goods") and a related letter of credit transaction.

Plaintiffs allege that the goods were secured by a letter of credit issued by defendant 1st Constitution Bank on behalf of Phoenix. Resourcing America allegedly failed to deliver the goods on the contracted delivery date. Plaintiffs further allege that Resourcing America disregarded B.A.T.'s notice rejecting the belated shipment, failed to notify B.A.T. that the goods were in Port Newark, and improperly received payment from Phoenix's letter of credit at 1st Constitution Bank. In addition, plaintiffs allege that Resourcing America intentionally removed and withheld the original visas and shipping documents that accompanied the goods. Without these documents, B.A.T. was unable to clear the goods.

On September 25, 2006, plaintiffs filed the pending motion, seeking to add Charles Anteby as a party defendant.

DISCUSSION

Rule 15(a) provides in relevant part that, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave to amend shall be freely given when justice so requires." Leave to amend may be denied for four reasons: 1) undue delay, 2) bad faith or dilatory motive, 3) undue prejudice, or 4) futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962); Rolo v. City of Investing Co. Liquidating Trust, 155 F.3d 644, 654 (3d Cir. 1998).

Rule 15(a) reflects the "principle that the purpose of pleading is to facilitate a proper decision on the merits," and that if the underlying facts relied upon by a party might be a proper subject of relief, that party should have the opportunity to test its claims on the merits. Foman, 317 U.S. at 182 (*quoting* Conley v. Gibson, 355 U.S. 41, 48 (1957)). Courts should liberally permit amendment and the discretion to do so rests with the court. See, *e.g.*, Heyl & Paterson v. F.D. Rich Housing of Virgin Islands, 663 F.2d 419, 425 (3d Cir. 1981), cert. denied, 455 U.S. 1018 (1982); Elf Atochem North America, Inc. v. United States, 161 F.R.D. 300, 3001 (E.D. Pa. 1995).

*A. Undue Delay*

In Arthur v. Maersk. Inc., 434 F.3d 196 (3d Cir. 2006), the Third Circuit declared that "[d]elay alone is not sufficient to justify denial of leave to amend." Delay is a sufficient justification to deny leave to amend only when combined with some extrinsic occurrence that brings about actual and significant prejudice to the opponent. Deakyne v. Commissioners of Lewes, 416 F.2d 290, 300 n.l9 (3d Cir. 1969). "In the absence of any apparent or declared reason such as undue delay ... the leave sought should, as the rules require, be 'freely given.'" Foman, 371 U.S. at 182.

*B. Undue Prejudice*

Substantial or undue prejudice to the non-moving party is a sufficient ground for denying a motion to amend. Lorenz v, CSX Co., 1 F.3d 1406, 1414 (3d Cir. 1993). In deciding the existence of undue prejudice, courts should focus on the hardship to the defendants if the amendment was permitted. Cureton v. National Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001). "Specifically, we have considered whether allowing an amendment would result in additional

discovery, cost, and preparation to defend against new facts or new theories." 252 F.3d at 273. As stated by the Third Circuit, "prejudice to the non-moving party is the touchstone for the denial of an amendment." Cornell & Co. v. Occupational Safety & Health Review Commission, 573 F.2d 820, 823 (3d Cir. 1978).

*C. Futility of Amendment*

An amendment will be considered futile if it "is frivolous or advances a claim that is legally insufficient on its face." Harrison Beverage Co. v. Driheck Importers, Inc., 133 F.R.D. 463, 468 (D.N.J. 1990). Futility of a proposed amendment is analyzed using the motion to dismiss standard. Massarky v. General Motors Corp., 706 F. 2d 111, 125 (3d Cir. 1983), cert. denied, 464 U.S. 937 (1983). Courts look at a proposed amended complaint for factual support of the claims advanced and all allegations made by plaintiff are to be regarded as true. Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992).

*     *     *

Plaintiffs seek to add Charles Anteby as a party defendant. There are no additional causes of action added. Plaintiffs allege that Charles Anteby is the sole shareholder/principal of Resourcing America. Plaintiffs further allege that Charles Anteby and Resourcing America are alter egos of each other. Under Rule 15(a), I am required to regard plaintiffs' allegation as true and draw all inferences in favor of the plaintiffs. Thus, I do not find that the amendment will be futile.

This action is still in its preliminary stage. Discovery has yet to take place and there is no

pending trial date. I do not find undue delay, bad faith or dilatory motive, or undue prejudice on plaintiffs' part in seeking to amend. Therefore, I will allow the proposed amendment.

## CONCLUSION

For the reasons set forth above, the motion to amend is GRANTED. The Third Amended Complaint shall be filed within 7 days. The Answer shall be filed in 14 days.

SO ORDERED.

s/ Ronald J. Hedges_____

United States Magistrate Judge

Cc: Hon. William J. Martini, U.S.D.J.
    File